UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PXXXXX RXX, III,  minor, by and through his
mother and next best friend, ROSEMARIE
MARTINEZ,

       Plaintiff,

v.                                                                    Case No.  6:14-cv-1047-Orl-31TBS

STANDARD HOMEOPATHIC COMPANY
and HYLANDS, INC.,

       Defendants.

_____/

## ORDER

Pending before the Court is Defendants' Motion to Compel Plaintiff's Full Compliance with Initial Disclosure Requirements Pursuant to Rule 26.  (Doc. 15).

Plaintiff brings this case by and through his mother as his next best friend. (Doc. 2).  He alleges that Defendants prepared, manufactured and packaged Hyland Teething Tablets for sale.  (Id.).  Plaintiff was given these tablets and developed tremors and seizures which necessitated extensive medical treatment.  (Id.).  He complains that the tablets were defective, unfit for human consumption, and caused him damages in excess of $15,000.  (Id.).  Defendants removed the case from state court to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 based upon diversity of citizenship and damages in excess of $75,000.  (Doc. 1). [1]

---

[1] Plaintiff is a citizen of Florida; Standard Homeopathic Company is a citizen of Nevada; and Hyland, Inc., is a citizen of California.  (Doc. 1).  In responses to requests for admissions, Plaintiff admitted that his damages exceed $75,000 exclusive of interest and costs.  (Id.).

Plaintiff timely served his FED. R. CIV. P. 26(a)(1)(A) initial disclosures on Defendants.  (Doc. 15).  Plaintiff provided the following information about his damages in his initial disclosures: "Any and all medical billings, property damages losses and loss wages and income of Plaintiff's parents as a result of the accident."  (Doc. 15-1).  Concerning documents and electronically stored information, Plaintiff said:

> A.  Reports and billings of all medical providers and expert witnesses
>
> B.  Photographs of the Plaintiff and pictures of product.
>
> C.  All documents identified by Defendant in discovery and in its Initial Disclosures.
>
> D.  Any videos taken of Plaintiff.
>
> E.  Documentation showing prior issues with product.
>
> F.  All Documents identified by Defendant in Discovery and in its Initial Disclosures.

(Id.).

Defendants informed Plaintiff that they believe his initial disclosures are insufficient because they do not include a damage estimate, articulation of the method(s) of calculating Plaintiff's damages, or any non-privileged documents bearing on and supporting Plaintiff's calculation of his damages.  (Doc. 15).  Counsel for the parties conferred and Plaintiff agreed to amend his disclosures by noon on October 24, 2014.  (Id.).  Despite Plaintiff's agreement, he did not amend his initial disclosures and Defendants proceeded to file this motion.  (Id.).  Plaintiff has failed to respond to the motion and the time within to do so has expired.

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) states that as part of its initial

disclosures, each party shall provide to the other parties "a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Parties are also required to provide "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." F ED. R. CIV. P. 26(a)(1)(A)(iii).

Plaintiff has not provided a computation of each category of his damages.  He has also failed to provide a copy or description and location of all documents, including electronically stored information which support his damage claim. Accordingly, Defendants' motion is GRANTED.  Plaintiff has seven days from the rendition of this Order within to supplement his initial disclosures by providing a good faith estimate of each category of damages he is claiming based upon the information currently available to him.  He must also disclose the method or methods for calculating his alleged damages, and if his damage estimate or the methodology for calculating his damages changes during the course of this litigation, he shall supplement these disclosures in a timely manner.  See F ED. R. CIV. P. 26(e).  Within seven days from the rendition of this Order Plaintiff shall also provide "a copy--or a description by category and location--of all documents, electronically stored

information, and tangible things ... in [his] possession, custody, or control" that are not

privileged and that bear upon or backup his damage calculations.  F ED. R. CIV. P.

26(a)(1)(A)(iii).

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel

is granted "the court must, after giving an opportunity to be heard, require the party or

deponent whose conduct necessitated the motion, the party or attorney advising that

conduct, or both to pay the movant's reasonable expenses incurred in making the

motion, including attorney's fees."  There are three exceptions to the Rule: (1) when

the movant files the motion before attempting in good faith to obtain the disclosure or

discovery without court action; (2) the nondisclosing parties' response, or objection

was substantially justified; or (3) there are other circumstances that make an award of

expenses unjust.  Id.   None of the exceptions apply.  Therefore, Defendants are

awarded their reasonable expenses, including attorney's fees for prosecuting their

motion to compel.  If the parties are unable to resolve Defendants' claim for fees and

other expenses then Defendants shall file their application within fourteen days from

the rendition of this Order and then Plaintiff shall have 14 days to respond.

DONE AND ORDERED in Orlando, Florida, on November 13, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

-4-