UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

P. R., III,

    Plaintiff,

v.                                       Case No:   6:14-cv-1047-Orl-31TBS

STANDARD HOMEOPATHIC COMPANY
and HYLANDS, INC.,

    Defendants.

## ORDER

This case comes before the Court on Defendants Standard Homeopathic Company and Hylands, Inc.'s Motion for Attorney Fees (Doc. 20) and Plaintiff P.R, III's Motion to Vacate (Doc. 21). After due consideration, Defendants' motion will be **GRANTED** and Plaintiff's motion will be **DENIED**.

On October 24, 2014, Defendants motioned the Court to compel Plaintiff to serve proper and complete Rule 26 initial disclosures. (Doc. 15). The motion was signed by Kurt M. Spengler, who, along with Jennifer Nicole Yencarelli, were counsel of record for Defendants. (Id.). Plaintiff failed to respond to the motion.

On November 12, the Court entered an order directing the Clerk to terminate Mr. Spengler as counsel for Defendants because he was no longer a member in good standing of the bar of this Court. (Doc. 16). The next day, the Court granted Defendants' motion to compel. (Doc. 17). In its order, the Court said Defendants would be

> awarded their reasonable expenses, including attorney's fees
> for prosecuting their motion to compel. If the parties are
> unable to resolve Defendants' claim for fees and other

> expenses then Defendants shall file their application within fourteen days from the rendition of this Order and then Plaintiff shall have 14 days to respond.

(Id., p. 3).

On November 17, Plaintiff moved the Court to vacate its Order granting the motion to compel. As grounds Plaintiff argued that because the motion was signed by Mr. Spengler, an attorney not admitted to practice in this Court, it was a "nullity," and, as such, there was no motion for the Court to grant. (Doc. 18). The Court denied the motion without prejudice because counsel for Plaintiff failed to comply with his obligations under M.D. FLA. L. R. 3.01(g). (Doc. 19). On November 21, Defendants filed the pending motion for attorney's fees. (Doc. 20). On November 24, Plaintiff responded and filed a renewed motion to vacate the Court's November 13 Order. (Doc. 21, 22).

Plaintiff argues both in its motion to vacate and in its response to Defendants' fee motion that Defendants' motion to compel was a "nullity" because it was signed by a lawyer who was not admitted to practice in this Court. (Docs. 21, 22). While this formalistic proposition has some followers among state courts, see, e.g., State ex rel. Commission on Unauthorized Practice of Law v. Tyler, 811 N.W.2d 678, 681 & n. 3 (Neb. 2012); Nerri v. Adu-Gyamfi, 613 S.E.2d 429, 430 (Va. 2005); Davenport v. Lee, 72 S.W.3d 85, 93-94 (Ark. 2002); Black v. Baptist Medical Center, 575 So. 2d 1087, 1088 (Ala. 1991); Stevens v. Jas. A. Smith Lumber Co., 222 N.W. 665, 666 (S.D. 1929), virtually every circuit confronted with the argument that a legal pleading not signed by a properly admitted attorney is a "nullity" has rejected it. See In re IFC Credit Corp., 663 F.3d 315, 317 (7th Cir. 2011) (Posner, J.) (bankruptcy petition signed by corporation's non-lawyer president was not a "nullity" that would render bankruptcy proceedings "void"); Memon v. Allied Domecq QSR, 385 F.3d 871, 873-74 (5th Cir. 2004) (district court's

dismissal of corporation's uncounseled complaint without prior warning that corporations could not proceed pro se was abuse of discretion); Harrison v. Wahatoyas, LLC, 253 F.3d 552, 557 (10th Cir. 2001) (court had jurisdiction over appeal, even though notice of appeal was filed by corporation's non-attorney officer); Instituto De Educacion Universal Corp. v. United States Dep't of Education, 209 F.3d 18, 22 (1st Cir. 2000) (same); Bigelow v. Brady (In re Bigelow), 179 F.3d 1164, 1165 (9th Cir. 1999) (same); Schifrin v. Chenille Manufacturing Co., 117 F.2d 92, 93-95 (2d Cir. 1941) (refusing to vacate judgment obtained by party represented by unlicensed lawyer); see also Matter of Fleischer, 9 F.3d 107, at *5 (6th Cir. 1993) (unpublished per curiam disposition) (noting that dismissal "is an inappropriate sanction" where failure to sign a pleading is promptly cured). Similarly, the Supreme Court of Florida has held that a complaint filed and signed by an unlicensed attorney is an amendable defect and not a "nullity." Torrey v. Leesburg Regional Medical Center, 769 So. 2d 1040, 1041 (Fla. 2000). See also H & H Development, LLC v. Ramlow, 272 P.3d 657, 662-63 (Mont. 2012); Save Our Creeks v. City of Brooklyn Park, 699 N.W.2d 307, 308 (Minn. 2005); Boydston v. Strole Development Co., 969 P.2d 653, 656 (Ariz. 1998) (en banc); Richardson v. Dodson, 832 S.W.2d 888, 889-90 (Ky. 1992); North Carolina Nat'l Bank v. Virginia Carolina Builders, 307 N.C. 563, 568 (N.C. 1983) (all rejecting the nullity rule). Finally, in Practice Management Associates, Inc. v. Walding, 138 F.R.D. 148 (M.D. Fla. 1991), a district judge in the Middle District of Florida refused to strike pleadings filed by an unadmitted attorney, reasoning that "[s]uch an extreme sanction would prejudice Defendant's cause for the technical errors of his attorney." Id. at 149.

The most common rationale for the nullity rule is that it is necessary to, or at least advances, the goal of protecting the public from the harms that flow from the

unauthorized practice of law–or as one court put it, "the mistakes of the ignorant on the one hand, and the machinations of unscrupulous persons on the other." Tyler, 811 N.W.2d 681 & n. 4 (quotations and citiations omitted); see also Davenport, 72 S.W.3d at 93. The Court questions the wisdom of this rationale. As the Florida Supreme Court explained in Torrey, striking a meritorious pleading or motion because the attorney who signed it was not admitted to practice in the court where the action was pending actually punishes the party for the attorney's errors. 769 So. 2d at 1045. Other courts arrive at the nullity rule through narrow and arguably hyper-technical interpretation of their local rules of practice. See, e.g., Wellmore Coal Corp. v. Harman Mining Corp., 568 S.E.2d 671, 672-73 (Va. 2002). States of course, are free to apply procedural rules in their own courts as they see fit, but the Federal Rules of Civil Procedure reject such formalism. See Fed. R. Civ. P. 1 ("[The rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."); see also Fed. R. Civ. P. 83(a)(2) (forbidding district courts from enforcing local rules "imposing a requirement of form ... in a way that causes a party to lose any right because of a nonwillful failure to comply").

Thus I find, both as a matter of federal law and Florida law, that Defendants' motion to compel was not a nullity. Moreover, like the court in Practice Management Associates, I find that striking the offending pleading and vacating the order granting it would be an excessive sanction for Defendants' attorney's failure to comply with an administrative requirement. See 138 F.R.D. at 149. Plaintiff's amended motion to vacate is therefore, **DENIED**. I also find that denying Defendants' application for fees altogether is not an appropriate sanction. Plaintiff shirked his duty to provide complete and proper initial disclosures to Defendants. See Fed. R. Civ. P. 26(a)(1). This duty is

not in any way conditioned on Defendants' attorneys' compliance with local rules regarding attorney admission.

A more appropriate sanction would be to refuse to grant any fees Mr. Spengler charged for the prosecution of the motion, but allowing fees incurred by other attorneys. Defendants do not seek to recover fees for any work Mr. Spengler might have done on the motion. Instead, they request an award of $787.50, for 4.5 hours of work billed by Jennifer Yencarelli at the rate of $175 per hour. In assessing the reasonableness of this fee request, the Court uses the lodestar method. Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 (M.D. Fla. Jan. 6, 2010); see also Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). To arrive at the lodestar, the Court multiplies the number of hours reasonably expended on the motion by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); Norman, 836 F.2d at 1299. Reasonableness is the touchstone of the lodestar calculation. A prevailing party may not recover attorney's fees for "excessive, redundant, or otherwise unnecessary" hours, Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), or demand more than the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," Norman, 836 F.2d at 1299.

Defendants' fee request is eminently reasonable. The requested rate of $175 per hour is very modest and 4.5 hours is an appropriate amount of time to spend on Defendants' motion to compel. Notably, Plaintiff does not dispute the reasonableness of either the hourly rate or the number of hours spent. Accordingly, Defendants' motion for fees is **GRANTED**. Defendants are awarded and shall recover $787.50 in attorney's fees from Plaintiff.

**DONE** and **ORDERED** in Orlando, Florida on November 25, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record